PEOPLE *ex rel.* FARGO *et al. v.* MURPHY *et al.*, Assessors.

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

TAXATION—REDUCTION OF ASSESSMENT—OVERVALUATION.
　　In an action to reduce an assessment on the ground of an overvaluation, the burden is on the property owner to show that the assessors have not complied with 2 Rev. St. N. Y. (8th Ed.) p. 1098, § 17, providing that they shall assess property at its full and true value.

Appeal from special term, Erie county.

Proceeding by the people on the relation of James C. Fargo and others against James S. Murphy and others, assessors of the city of Buffalo, to reduce an assessment. From a judgment reducing the assessment, and from an order denying defendant's motion to quash the writ of *certiorari*, defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Frank C. Laughlin,* for appellants. *Ansley Wilcox,* for respondents.

MACOMBER, J. William G. Fargo, the former owner of the premises in question, died in the year 1881, leaving a last will and testament, whereby, among other things, he gave the use of such property, during her life, to his wife, Anna M. Fargo, with a provision for the payment of taxes and assessments thereof to be made by his executors out of the other property of his estate. These premises consist of 5½ acres of land. William G. Fargo had erected thereon a large and expensive dwelling-house near the center of the land, together with stables and other buildings, at a cost of $350,000. At the time of the erection thereof, and for several years thereafter, it was supposed that the locality was desirable for large and expensive residences of like character, but the course of improvements in the city of Buffalo has not fully verified such expectations. The assessors for the year 1889, as they had theretofore, fixed the value of the land alone at $78,375, and the value of the improvements thereon at $144,000. The learned judge at the special term has found as a fact that the true value of the property, taken as a whole, does not exceed the sum of $180,000.

This appeal does not present any question of moment except one of fact. The claim made by the plaintiffs was solely one of overvaluation, and a prayer for the reduction of the same to the actual value of the property. Practically the inquiry is narrowed down to the question of the value of the relator's property, for it was stipulated at the trial that no property included in the assessment roll, other than that in question here, was overvalued by the assessors. No question of inequality of assessment is before us. In making up the roll the assessors separated the value of the land from that of the improvements, estimating the former at $78,375 and the latter at $144,000. It is true that the statute does not require that there should be such separation in assessment rolls of the value of the lands from the value of the improvements thereon, nor can the assessors of the city of Buffalo be deemed to be estopped to claim now that the land was worth more than the sum placed in the column; yet the fact that the assessors have thus placed the value of the land in a separate column at a certain figure is a circumstance to be taken into the account, but as evidence only of their estimate. The clear preponderance of the evidence is to the effect that the whole property as it now stands, taking into the account the original expenditure thereon as well as all the other circumstances attending the case, is not worth to exceed the sum of

$180,000. It was the duty of the assessors to assess the property at its full and true value as they would appraise the same in the payment of a just debt due from a solvent debtor. 2 Rev. St. (8th Ed.) c. 13, tit. 2, art. 2, § 17, p. 1098. Every proper presumption must be indulged that they have in this instance so estimated the value. The burden was upon the relators, therefore, to show by reliable evidence that there was in this instance an actual overvaluation. Upon an examination of the whole case we are of the opinion that the learned justice at the special term was correct in his conclusion upon the evidence. No point is made by the appellant, separate from his argument upon the merits, against the order denying the motion to quash the writ of *certiorari*. It follows, therefore, that the judgment and order should be affirmed, with costs. All concur.